NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.G. ENTERPRISE, LLC, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | No. 2:14-cv-3471 (WHW) (CLW) |
| SEABOARD PAPER AND TWINE, et al, | |
| Defendants. | |

**Walls, Senior District Judge**

In this commercial dispute involving a company's alleged failure to pay for the paper goods it purchased, Defendant Wits End Group, Inc. ("Wits End") moves to set aside the Clerk's entry of default against it. The motion is decided without oral argument under Fed. R. Civ. P. 78. Finding that Wits End's culpability for its delay is outweighed by its *prima facie* meritorious defense and the lack of prejudice to Plaintiff, the Court vacates the default.

## BACKGROUND

Plaintiff S.G. Enterprise, LLC ("S.G.") alleges a multiparty conspiracy to defraud it of payment for its delivery of commercial paper goods to Defendant Seaboard Paper and Twine LLC ("Seaboard"). *See* Second Amended Complaint ("SAC"), ECF No. 29. S.G. alleges that it agreed to sell Seaboard commercial paper goods worth $445,319.16. *Id.* ¶ 191; *id.* Ex. C. According to Plaintiff, Seaboard received the goods, *id.* ¶ 193, but defaulted on payment. *Id.* ¶ 196. Plaintiff blames Seaboard's default on the efforts of several individuals and organizations to divert funds and contracts from Seaboard to Wits End. *Id.* ¶ 36. Wits End allegedly joined these

other defendants in raiding Seaboard of assets, undermining Seaboard's ability to pay. *See id.* ¶ 195. Plaintiff claims that Wits End induced S.G. to contract for the sale of paper goods to Seaboard, even though Seaboard had no intention of paying. *Id.* ¶ 147.

Plaintiff asserts that Wits End committed fraud in the inducement, SAC 41, engaged in fraudulent transfers in order to defraud a creditor, *id.* ¶ 146(g), was unjustly enriched in a manner requiring the establishment of a constructive trust, *id.* ¶¶ 183-89, interfered with the rights of Seaboard's creditors, *id.*, and tortiously interfered with S.G.'s contracts. *Id.* ¶ 190. Plaintiff demands judgment against Wits End in the amount of $445,319.16, plus costs, interest and attorney's fees. *Id.* 46. It demands the same relief against the other defendants. *See, e.g., id.* 39, 46.

Plaintiff filed the SAC on July 29, 2014, ECF No. 29, and served Wits End with the SAC and a summons on July 30, 2014. ECF No. 44-2. Wits End did not answer or otherwise defend. Plaintiff requested default against Wits End on October 3, 2014, ECF No. 44, and the Clerk entered default on October 14, 2014. On March 20, 2015, Plaintiff and Seaboard entered a consent order of judgment against Seaboard for $445,319.16. ECF No. 53. Plaintiff dismissed the action against individual Defendant Michael Fiore on April 7, 2015. ECF No. 61. On April 16, 2015, Wits End moved to vacate the entry of default. ECF No. 58. Wits End's counsel certifies that Wits End had retained several attorneys to defend this matter, but none appeared until this motion. Cert. of George Mahr ¶¶ 6-10, ECF No. 58-2.

## STANDARD FOR SETTING ASIDE AN ENTRY OF DEFAULT

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Entries of default are disfavored by the courts, and when a defendant moves to set aside the entry of default, the law "require[s] [that] doubtful cases [ ] be resolved in favor of the [moving] party .

. . so that cases may be decided on their merits." *United States v. $55,518.55 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (citation omitted). The "decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) . . . is left primarily to the discretion of the district court." *Id.* at 194 (footnotes omitted). In the Third Circuit, a district court ruling on a motion to set aside a default must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

## ANALYSIS

### 1. Plaintiff Will Not Be Prejudiced by Setting Aside the Entry of Default

"Delay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). "Prejudice is established instead when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citations omitted).

Plaintiff suggests that Wits End may have engaged in spoliation of evidence, destroying relevant electronic communications. *See* Pl.'s Br. ¶¶ 55-56; Pl.'s Surreply 7-8, ECF No. 64. Plaintiff argues that "it is anticipated that Wits End will not produce the relevant and material electronically stored information . . . [,] alleging that the information and documents have been destroyed over time." Pl.'s Br. ¶ 56. Even if Plaintiff's concern about the "loss of available evidence" were more than speculation, the alleged loss is unrelated to Wits End's delay in appearing in the litigation; there is little prejudice because the electronically stored "evidence is

3

not materially affected by the passage of time." *See Perry v. Bruns*, No. 11-CV-2840 DMC-JAD, 2013 WL 1285302, at *7 (D.N.J. Mar. 26, 2013) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 766 (3d Cir. 1982)). Vacating the default would not deny Plaintiff a remedy for destruction of evidence: it would not preclude spoliation sanctions, *see Capogrosso v. 30 River Court E. Urban Renewal Co.*, 482 F. App'x 677, 682 (3d Cir. 2012) (noting that sanctionable spoliation "includes the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation"),[1] or an independent action for fraudulent concealment of information material to litigation. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 320 (3d Cir. 2014).

Plaintiff has not moved for default judgment against Wits End in the six months since default was entered or requested a damages hearing; it has not relied on the entry of default. Fact discovery is ongoing, also weighing against a finding of prejudice. Amended Scheduling Order, ECF No. 59. Plaintiff would not be sufficiently prejudiced by allowing Wits End to begin participating in the litigation.

---

[1] Federal Rule of Civil Procedure 37(e) provides one set of circumstances under which the loss of discoverable electronically stored information is not sanctionable: "[a]bsent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system." There is no evidence in the record suggesting that Rule 37(e) would apply to any communications to or from Wits End. The Advisory Committee notes make clear that "[w]hen a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system" is required. Advisory Committee Note to the 2006 Amendment to Federal Rule of Civil Procedure Rule 37(e). "Among the factors that bear on a party's good faith in the routine operation of an information system are the steps the party took to comply with a . . . party agreement requiring preservation of specific electronically stored information." *Id.*

### 2. Wits End Shows a Facially Meritorious Defense

"The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (internal citations omitted).

Wits End's counsel outlines several defenses to Plaintiff's claims, as well as cross-claims against other defendants for contribution and common law indemnification. Mahr Cert. 6-8; Def.'s Proposed Answer 40-48, ECF No. 58-3. In Wits End's Proposed Answer, it denies many of the factual allegations of the SAC. ECF No. 58-3. Wits End offers that it never had any control over or ownership in Seaboard, never owed a fiduciary duty to the company, and never induced it to breach a contract. *Id.* 43-45. It claims that Seaboard's operating agreement permitted its members to compete with the company. *Id.* And it contends that Seaboard's members only asked Wits End to fulfill the orders of Seaboard's customers after Seaboard was in default, giving Seaboard time to improve its financial and operational condition. *Id.* 44. Finally, it claims that the other named defendants "approached, requested and drove Wits End's alleged actions and conduct relating to this matter." *Id.* 45.

These contentions cut against S.G.'s claims that Wits End was unjustly enriched, tortiously interfered with a contract, fraudulently transferred assets, or fraudulently induced a breach of contract. In addition, Plaintiff's allegations against Wits End are simultaneously directed at the other defendants. *Id.* 41-67. It is unclear at this stage what conduct is attributable to the individual defendants as opposed to Wits End. *Cf. Feliciano*, 691 F.2d at 657 (finding that the incomplete record against a potentially liable co-defendant contributed to the merits of a defense). The Court does not express a view on the actual merits of these claims, but on their

face, they appear meritorious for the purposes of this motion. *See Feliciano*, 691 F.2d at 657 (requiring the presentation of at least one "*prima facie* . . . valid defense").

### 3. The Default Was the Result of Defendant's Culpable Conduct

"Culpable conduct" surpasses mere negligence, and consists of willful, intentional, reckless or bad faith behavior. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Nationwide Mut. Ins. Co.*, 175 F. App'x at 523.

There is no dispute that Wits End has long been aware of this action. Wits End was served with a summons and the Second Amended Complaint on July 30, 2014. ECF No. 44-2. Plaintiff's counsel corresponded with Wits End's counsel on multiple occasions, referencing Wits End's failure to respond. *See* Ex. D, ECF No. 44. Default was entered against Wits End on October 14, 2014. Wits End did not move to vacate default until April 16, 2015. ECF No. 58. That Wits End contacted several attorneys after being served does not excuse either its initial failure to appear or its absence from the litigation for six months after the entry of default. This factor weighs against setting aside the entry of default.

### CONCLUSION

In light of the totality of the circumstances, Wits End's delay in appearing is not sufficient to overcome this Circuit's strong preference that cases be decided on the merits. Wits End's motion to vacate the default is granted.

NOT FOR PUBLICATION

## ORDER

It is hereby ORDERED that:

1. Wits End's motion, ECF No. 58, is GRANTED. Under Fed. R. Civ. P. 55(c), the Clerk's Entry of Default against Wits End on October 14, 2014 is set aside;
2. Wits End shall file its Answer as a new docket entry within 7 days;
3. The parties shall confer and submit a proposed Amended Scheduling Order to Magistrate Judge Waldor within 21 days.

DATE: 10 June 2015

Hon. William H. Walls
Senior United States District Judge